UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAID AZZAM MOHAMAD RAHIM, § <br> ID # 55469-177, § <br> Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | § No. 3:22-CV-2905-B-BK <br> § No. 3:17-CR-169-B(1) |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the *pro se* amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on January 27, 2023 (doc. 4), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

## I.   BACKGROUND

Said Azzam Mohamad Rahim (Movant) challenges his federal convictions and sentence in Cause No. 3:17-CR-169-B(1). The respondent is the United States of America (Government).

### A.   Conviction and Sentencing

After pleading not guilty and proceeding to a jury trial on an eight-count second superseding indictment, Movant was found guilty of one count of conspiracy to provide material support to a designated foreign terrorist organization, one count of attempting to provide material support to a designated foreign terrorist organization, and six counts of making a false statement to a federal agency. (*See* docs. 71, 128.)[1]

For purposes of sentencing, the United States Probation Office (USPO) prepared a pre-sentence investigation report (PSR) and a subsequent addendum. (*See* docs. 136-1, 147-1.) The PSR

---

[1] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:17-CR-169-B(1).

computed a total offense level of 40 and a criminal history category of VI, which resulted in a guideline imprisonment range of 360 months to life. (*See* doc. 136-1 at ¶ 108.) Because the maximum statutory term of imprisonment for all counts running consecutively was 1,056 months, the guideline imprisonment range became 360 to 1,056 months. (*See id.*)

By judgment dated December 13, 2019, Movant was sentenced at the bottom of the guideline imprisonment range to a total aggregate sentence of 360 months' imprisonment, to be followed by two years of supervised release. (*See* doc. 156 at 1-4.) The judgment was affirmed on appeal. (*See* docs. 195-96.) On December 13, 2021, the Supreme Court denied Movant's petition for a writ of certiorari. (*See* doc. 198.)

**B.     Substantive Claims**

In his amended § 2255 motion, Movant asserts three grounds for relief based on the ineffective assistance of trial counsel, alleging that counsel failed to: (1) "investigate and secure a psychological evaluation of [Movant]"; (2) "investigate and call witnesses"; and (3) "establish defense theory[.]" (No. 3:22-CV-2905-B-BK, doc. 4 at 4.) The Government filed a response on May 25, 2023. (*See id.*, doc. 11.) Movant filed a reply and a supplement on September 25, 2023 and October 2, 2023, respectively. (*See id.*, docs. 18, 20.)

## II. SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and

2

for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

In each ground for relief, Movant contends that his trial counsel rendered ineffective assistance. (*See* No. 3:22-CV-2905-B-BK, doc. 4 at 4, 11-12.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

**A. Failure to Investigate and Call Witnesses**

In his first two grounds, Movant contends that trial counsel was ineffective because he failed to investigate and call witnesses, namely, a medical expert to conduct and testify about a psychological evaluation of Movant, and Movant's brother and daughter to testify about his "traumatic past" and his "'intent' on traveling to Jordan to visit his daughter." (No. 3:22-CV-2905-B-BK, doc. 4 at 11-12; *see also id.*, doc. 4 at 4.)

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000). "[T]here is no presumption of prejudice based on the failure to investigate." *Gonzalez v. United States*, No. 5:19-CV-145, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what

4

a witness would have stated are largely speculative." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the [movant] must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *see also Gregory v. Thaler*, 601 F.3d 347, 352-53 (5th Cir. 2010). "This requirement applies to both uncalled lay and expert witnesses." *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (citing *Day*, 566 F.3d at 538) (citing in part *Evans v. Cockrell*, 285 F.3d 370, 377-78 (5th Cir. 2002) (rejecting uncalled expert witness claim where the petitioner failed to present evidence of what a scientific expert would have stated)).

1. **Medical Expert**

Regarding a medical expert, Movant contends trial counsel was ineffective "for failing to call an expert to evaluate [Movant] for Schizophrenia and other related psychological anamolies [sic]." (No. 3:22-CV-2905-B-BK, doc. 18 at 7; *see also id.*, doc. 4 at 11.) According to Movant, had counsel secured an expert psychological evaluation, the "requested medical expert would've been able to properly diagnose and deliver testimony to the jurors that [Movant's] anger filled [sic] rhetoric online was centered and promulgated by an early traumatic event relted [sic] to his father's abduction, torture and murder by a foreign (albeit de-facto) government." (*Id.*, doc. 4 at 11.)

Movant fails to identify any medical expert, much less show that said expert was available to testify at his trial or sentencing and would have done so, describe the content of any expert testimony, or explain how such testimony would have been favorable to a particular defense. He presents no evidence beyond speculation that counsel could have found and presented any expert

5

witness who would have testified as suggested by Movant, *i.e.*, that he was schizophrenic or suffered from PTSD or any other psychological condition, or that any such condition affected his culpability for the offenses of conviction. Additionally, to the extent his claim is premised on counsel's alleged failure to investigate Movant's self-diagnosed schizophrenia, PTSD, or psychological conditions, Movant provides no facts or evidence to show that further investigation would have revealed the alleged diagnoses and impacted Movant's culpability, as discussed. Movant's unsubstantiated speculation and conclusions about his alleged psychological conditions and what a medical expert would have diagnosed and testified to are insufficient to show deficient performance. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"). He therefore fails to satisfy the first prong of *Strickland*.

For the reasons discussed, Movant also fails to show a reasonable probability that the result of the proceedings would have been different or that his sentence would have been less harsh had counsel secured a psychological evaluation and called a medical expert to testify at trial or sentencing regarding same. Movant's conclusory allegations of prejudice, unsubstantiated by anything in the record, are insufficient to show resulting prejudice under *Strickland*. *See Ross*, 694 F.2d at 1011; *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). Because

6

Movant fails to satisfy both *Strickland* prongs, he is not entitled to § 2255 relief, and the claim is denied.

### 2. Family Members

Movant next contends that counsel was ineffective because he "failed to investigate and follow-up to bring [Movant's brother and daughter] in to testify." (No. 3:22-CV-2905-B-BK, doc. 4 at 12; *see also id.*, doc. 18 at 3-7.) He argues that alleged testimony from his brother and daughter about his traumatic past and reason for traveling to Jordan "would've established before the jury (alongside a psychological evaluation) that [Movant] could've reasonably been attempting to visit his daughter in Jordan as opposed to attempting to travel to any ISIS controlled territory." (*Id.*, doc. 4 at 12.) In his reply, he contends that another of his brothers would also have testified about Movant's traumatic childhood stemming from the murder of their father. He provides affidavits from his two brothers and his daughter.[2] (*See id.*, doc. 18 at 17-20; *id.*, doc. 20 at 4-5.)

Here, beyond supposition and conclusory statements, Movant fails to show resulting prejudice under *Strickland*, i.e., a reasonable probability that the result of his trial would have been different or that his sentence would have been less harsh had counsel further investigated or called his brothers and daughter at trial or sentencing. Regarding trial, he presents no facts or evidence to show that his family members' testimony would have been admissible. Even if the court were to assume the admissibility at trial of the proposed testimony, Movant fails to show a substantial likelihood that

---

[2] Movant's daughter testified in part that "in March of 2017 [Movant] was planning to come visit me in Jordan like he usually does," and that she "would tell the Judge that my father was only travelling to Jordan to visit me like he always does." (No. 3:22-CV-2905-B-BK, doc. 20 at 4.) She also indicated that she knew what Movant would do and how he would spend his money when he visited her in Jordan. (*See id.*) The court notes that the record shows – and Movant has provided no refuting evidence otherwise – that Movant had last seen and visited his daughter in Jordan in 2010, seven years prior to his arrest, when she was approximately 3 years old. (*See* doc. 136-1 at ¶ 90; doc. 177 at 189, 244-45.)

7

the jury would have made any different finding, especially given the totality of the evidence and testimony presented at trial. *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (holding that prejudice under *Strickland* requires a "'substantial,' not just 'conceivable,' likelihood of a different result.") (citing *Harrington v. Richter,* 562 U.S. 86, 112 (2011)); *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) ("the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong.").

As for sentencing, the events of Movant's traumatic past and his alleged reason for going to Jordan were presented to the court in the PSR, Movant's sentencing memorandum and letters in support, and at the sentencing hearing. (*See* doc. 136-1 at ¶¶ 82, 90, 92; docs. 148, 148-1; doc. 180 at 55-56.) Movant provides no facts or evidence showing a reasonable probability that further testimony relating to the same topics would have resulted in a lower sentence, particularly given that he was sentenced at the very bottom of the applicable guideline imprisonment range. Because Movant's allegations fail to demonstrate *Strickland* prejudice, the performance prong need not be addressed.  *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). Movant has failed to satisfy his burden under *Strickland*, and the claim is denied.

### B. Defense Theory

In his final ground, Movant contends that counsel was ineffective "when he failed to establish a defense theory of the case." (No. 3:22-CV-2905-B-BK, doc. 4 at 12; *see also id.*, doc. 18 at 10-14.)

At trial, counsel's defense strategy included the theory that Movant's conduct and statements were nothing more than an exercise of his constitutionally protected right of free speech under the First Amendment. Movant argues that this defense was a "vacant pleading" and "nothing more than

an undeveloped and shabby portrayal gone wrong and [ineffective assistance of counsel]." (*Id.*, doc. 4 at 12.) His claim is premised on his position that trial counsel should have instead pursued a defense relating to Movant's alleged mental state – which he appears to argue would have explained, justified, or mitigated his criminal actions – through medical expert testimony and testimony from his family members, as alleged in his other grounds for relief. As the court has explained, Movant provides nothing more than conjecture and speculation to support this proposed defense theory; and aside from generally expressing his dissatisfaction with counsel's undertaken strategy, he fails to explain or show how counsel's strategy of pursuing acquittal by virtue of protected speech could not "have been the result of reasonable professional judgment" in light of the available evidence. As such, he fails to show that counsel was constitutionally deficient for not pursuing Movant's proposed strategy, and he has not overcome the presumption that counsel's strategy was sound. He therefore fails to satisfy the first prong of *Strickland*. He also fails to show resulting prejudice under the second prong of *Strickland* for the same reasons.[3]

Movant fails to satisfy his burden under *Strickland* and his claim is denied.

## IV.  EVIDENTIARY HEARING

Movant expressly "doesn't request an evidentiary hearing" before this court on his claims. (*See* No. 3:22-CV-2905-B-BK, doc. 18 at 14.) Nonetheless, even if he did seek an evidentiary hearing, no evidentiary hearing is required when "the motion and the files and records of the case

---

[3] In his reply, Movant contends that he "is in fact innocent of his charges and any statements that appear to be supportive of ISIS" because he lacked the requisite specific intent. (No. 3:22-CV-2905-B-BK, doc. 18 at 9.) A stand-alone claim of actual innocence is not a ground for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400-01 (1993). Even if it were, such a claim "means 'factual innocence, and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (citation omitted). Here, Movant's allegations show that he is arguing mere legal insufficiency and not factual innocence. Accordingly, to the extent he intended to raise an independent claim of actual innocence in this habeas action, such claim is denied.

9

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## V.  CONCLUSION

For the foregoing reasons, Movant's *pro se* amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on January 27, 2023 (doc. 4), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 28th day of June, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE